UNITED STATES v. YEE MUN SANG.

(District Court, D. Vermont. April 8, 1899.)

1. ALIENS—APPLICATION TO ENTER UNITED STATES—CONCLUSIVENESS OF DECISION OF IMMIGRATION OFFICERS.

Under the provision of the sundry civil appropriation act of August 18, 1894 (28 Stat. 390), which makes the decision of the immigration or customs officers refusing an alien admission into the United States final unless appealed from, such decision is conclusive against the applicant's right to enter as an alien, but not upon the question of his alienage, and does not preclude him from afterwards claiming the right to enter or remain in the United States on the ground that he is a citizen thereof; the question of citizenship being one which was not, and could not be, committed for final decision to executive officers.

2. SAME—PROCEEDING FOR DEPORTATION OF CHINESE LABORER—ISSUE AS TO CITIZENSHIP.

On an issue as to the citizenship of a person of the Chinese race arrested as a Chinese laborer unlawfully within the United States, the testimony of the defendant that he was born in this country is entitled to be considered and weighed by the same rules applicable to all other testimony, although, if untrue, it would be impossible to contradict it.

Appeal from United States commissioner.

This was an appeal by the defendant from the decision of a commissioner ordering his deportation as a Chinese laborer unlawfully in the United States.

Rufus E. Brown, for appellant.

James L. Martin, Dist. Atty., for the United States.

WHEELER, District Judge. The appellant is of the Chinese race, and presented himself to the customs officials of this district, at Richford, for admission to this country as a merchant, which was, on January 6th last, refused. On March 18th he was arrested as a Chinese laborer unlawfully in this country, and was brought before the commissioner for hearing. There he claimed the right to come into and remain within this country as a native-born citizen thereof. The government claimed that he was not such a citizen, and that the refusal of admission by the customs officials not having been appealed from to the secretary of the treasury, was final as to his rights in respect to coming into, or afterwards being in, this country. The commissioner appears to have held that the refusal of admission was not conclusive, but to have found against citizenship, and to have ordered deportation. From that order this appeal was taken, and the same questions have been made here.

The conclusiveness of the refusal of admission rests upon a provision in the sundry civil appropriation act of August 18, 1894, that:

"In every case where an alien is refused admission into the United States under any law or treaty now existing or hereafter made, the decision of the appropriate immigration or customs officers, if adverse to the admission of such alien, shall be final, unless reversed on appeal to the secretary of the treasury." 28 Stat. 390.

The validity of this provision rests upon the power of congress to exclude aliens from the United States, and to commit the decision of their right to come or to remain to executive officers. Nishimura

Ekiu v. U. S., 142 U. S. 651, 12 Sup. Ct. 336; Lem Moon Sing v. U. S., 158 U. S. 538, 15 Sup. Ct. 967. This is because they are in fact aliens, and as such may be excluded, and not because the power to decide whether they are aliens or citizens has been or could be committed finally by congress to customs officials, or other executive officers. In this case the officers did not assume to decide that the appellant was an alien, but assumed that he was such, and to decide that he was not so made to appear to be a merchant as to entitle him to admission to this country as an alien Chinese merchant, and excluded him from admission as such. This decision is doubtless final as to his character as a merchant in that respect. But citizenship of the country is a status of the person that is attendant at all times, everywhere, and cannot be taken away, or but in a formal way, as provided by law, be renounced even by act of the person. If the appellant was in fact a citizen of the United States, he would not lose his citizenship by presenting himself as an alien merchant to the customs officials for admission to this country as such. He submitted his character as a merchant to their judgment, and their decision upon that extended no further. The only proper effect of that proceeding upon his claim of citizenship now is the bearing of the inconsistency of the claims upon his evidence as to citizenship. If he was entitled to come freely as a citizen, the question why he attempted to come qualifiedly as a merchant naturally arises, and, unexplained, would cast a serious doubt upon the good faith of the claim of citizenship. It would look like an afterthought. But his claim as a merchant is founded upon a declaration before a commissioner in Boston, supported by the affidavit of two witnesses, prior to leaving this country. It begins: "I, Yee Mun Sang, on oath declare that I was born in San Francisco, California, in the building numbered 711 Dupont street, on the sixteenth day of August, 1874, of Chinese parents; that I resided there fifteen years. From thence I came to Boston, Massachusetts, where I have resided ever since." This declaration is not evidence of the nativity now, but it shows that this claim is not an afterthought, and it is consistent with this claim now. He testifies now to his birth in that street at about that time, and he is supported as to this by his father. He appears to have been understood to have said, before the customs officials, that he did not know who his father was; and, if that statement had been understandingly made, it would justly detract much from his credibility. He now denies making it, and is understood with difficulty. It would have been so shallow and inconsistent that, while the truthfulness of those who now testify that he made it is not doubted, the fact of his understanding about it is doubted. Being of the Chinese race, and appearing at the border of the country, coming in, the burden of showing his citizenship would rest upon him. The testimony as to his place of birth is not preposterous or unnatural, and cannot justly be rejected, although it cannot be contradicted if not true. It must be weighed as lawful evidence in any case must be. When so weighed, it appears to prove the fact. There is said to be more evidence here than there was before the commissioner, and it seems to lead to a different result. Appellant discharged.